USCA1 Opinion

 

 November 18, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1446 SAMSON O. AGBOSASA, Petitioner, Appellant, v. UNITED STATES OF AMERICA, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ronald R. Lagueux, U.S. District Judge] ___________________ ____________________ Before Cyr, Boudin and Stahl, Circuit Judges. Circuit Judges. ______________ ____________________ Samson O. Agbosasa on brief pro se. __________________ Edwin J. Gale, United States Attorney, Stephanie S. Browne and _____________ ____________________ Charles A. Tamuleviz, Assistant United States Attorneys, on brief for ____________________ appellee. ____________________ ____________________ Per Curiam. Petitioner Samson O. Agbosasa appeals __________ pro se from the dismissal of his motion under 28 U.S.C. ___ __ 2255. Finding no error, we affirm. I. _ In 1990, upon a plea of guilty, petitioner was convicted of falsely representing that he was a United States citizen, 18 U.S.C. 911, and was sentenced to six months imprisonment, that sentence to run concurrently with a sentence previously imposed in an unrelated case. The sentencing court also mandated one year of supervised release, including surrender of defendant to the Immigration and Naturalization Service for deportation proceedings pursuant to 8 U.S.C. 1101, et seq. Petitioner is currently __ ____ awaiting deportation. The underlying facts and chronology, as culled from the files and records in the case, are not disputed. In January 1990, petitioner was involved in a motor vehicle accident. He retained a lawyer to assist in processing his claim. In June 1990, petitioner was granted pretrial release in a pending criminal proceeding. Petitioner's travel was restricted and he was required to make periodic personal and telephonic reports. On August 27, 1990, an investigator from the petitioner's insurance company called petitioner about his accident claim. The investigator obtained petitioner's consent to (1) tape the conversation and (2) answer the -2- questions posed in the absence of his attorney. At the outset of the conversation, the investigator inquired into petitioner's citizenship status. Petitioner stated that he was born in Lagos, Nigeria, came to the United States in 1979, and became a United States citizen in 1986. Approximately six weeks later a two-count indictment was returned against petitioner charging him with (1) falsely representing United States citizenship, 18 U.S.C. 911, and (2) using a false social security number, 42 U.S.C. 408(g)(2). On December 7, 1990, petitioner pleaded guilty to count one and count two was dropped. At the plea hearing, relying upon petitioner's August 27, 1990 statements that he was a citizen of the United States, the government made the proffer that at trial it would prove that petitioner remained a citizen of Nigeria. Petitioner then responded affirmatively to the presiding judge's express query: "Do you now want to plead guilty to . . . the first count of the indictment in this case, which charges you with falsely and wilfully representing yourself to be a citizen of the United States . . . on or about August 27, 1990?" In July 1992, petitioner filed this 2255 petition raising two grounds for relief: (1) that his Miranda rights _______ were violated during the telephone interview with the insurance investigator, and (2) that he was denied effective assistance of counsel because his attorney refused to move to -3- suppress the statements made during the August 27,1990 conversation. In an accompanying memorandum and affidavit, petitioner contended that he learned, several months after conviction, that the investigator's failure to advise him of his Miranda rights rendered petitioner's citizenship _______ statements, made while he was on bail awaiting trial in an unrelated criminal case, inadmissible. Petitioner asserted that the investigator was conspiring with the government to entrap him and thus had reason to know that any admission of alienage by the defendant would be highly incriminating. The government's response to the 2255 hearing was two-fold. First, it argued that because the petitioner was not in custody or otherwise deprived of his freedom during the telephone conversation with the insurance investigator, his Fifth Amendment rights were not violated. Miranda v. _______ Arizona, 384 U.S. 436, 478 (1966). Second, petitioner's _______ charges that the investigator was acting as an agent of the government were, respondent maintained, false, conclusory and without any factual support. Relying on Illinois v. Perkins, ________ _______ 496 U.S. 292, 300 (1990), the government concluded that even if the investigator had been functioning as a government agent during the August 27, 1990 telephone conversation, a fact which was denied, Miranda warnings are not required when _______ an incarcerated suspect gives a voluntary statement to an undercover law enforcement official. Consequently, -4- respondent claimed, as there were no allegations that the plea proceeding was deficient under Fed. R. Civ. P. 11, the petitioner's bald and unelaborated assertions provided no basis for 2255 relief and were subject to summary dismissal. Petitioner's opposition to the government's response maintained that the Miranda "in custody" requirement _______ had been satisfied because at the time of the interview, his liberty was restricted by the authorities under the terms of the June 1990 pretrial release order in a pending, unrelated case. Petitioner also contended that the insurance investigator must have known of that pending criminal proceeding and petitioner's "technical custody" because (1) within a few hours of the telephone interview, its transcript was in the hands of an Assistant United States Attorney and (2) the transcript showed that the interview ranged far afield of routine accident claim inquiries in eliciting the incriminating information. Illinois v. Perkins was literally ________ _______ inapplicable, petitioner claimed, because both parties to the telephone interview fully understood each other's identity. Finally, petitioner attaches importance to the fact that the investigator called petitioner personally despite the fact that petitioner's attorney had filed the claim. -5- The district court summarily denied the 2255 motion "for the reasons set forth in the government's response," and this appeal ensued. II. __ We have little difficulty concluding that the dismissal was correct. In Illinois v. Perkins, a prisoner's ________ _______ cell-mate was an undercover government agent who elicited incriminating statements about an offense unrelated to the inmate's incarceration. In deciding that neither Miranda nor _______ the Fifth Amendment applies to statements voluntarily given to an undercover agent posing as a fellow inmate, Perkins, _______ 496 U.S. at 300, the Court observed that "detention, whether or not for the crime in question, does not warrant a presumption that the use of an undercover agent to speak with an incarcerated suspect makes any confession thus obtained involuntary." Id. at 299. When a suspect is unaware that he ___ _______ is speaking with a government official, the element of coercion is missing. Id. Thus, the Court held, Miranda ___ _______ "warnings are not required to safeguard the constitutional rights of inmates who make voluntary statements to undercover agents." Id. at 300. ___ Even if we were to assume, arguendo, that the ________ pretrial release order in the unrelated criminal case placed restrictions on petitioner's liberty so as to constitute -6- custody for Miranda purposes at the time of the interview, _______ and also assume that the investigator was an undercover agent, given the fact that petitioner does not claim that he knew, at the time of the interview, that the investigator was ____________________________ a government agent, his claim to Miranda protections must _______ fail. No such warnings needed to be given before the investigator here asked the questions that elicited the incriminating response. Petitioner's further claim that Miranda was implicated because he was represented by _______ counsel -- either in the insurance matter or the pending criminal case -- fares no better, since the element of coercion was not satisfied. Similarly, regarding the claim that counsel's conduct was deficient because he failed to move to suppress petitioner's voluntary statements made on August 27,1990, no prejudice resulted. In short, it cannot be said that "but for counsel's errors, the result below would have been different." See Murchu v. United States, 926 F.2d 50, 58 ___ ______ _____________ (1st Cir.), cert. denied, 112 S. Ct. 99 (1991). _____ ______ Accordingly, even under the conspiratorial scenario petitioner posits, the petition was, as a matter of law, properly subject to summary dismissal. We have considered petitioner's remaining arguments and find them without merit. Affirmed. ________ -7-